IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT HEARD, *et al.*, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO.<br>: 2:14-CV-0111-RWS |
| DOUG COLLINS, *et al.*, | : |
| Defendants. | : |

## **ORDER**

On June 9, 2014, the Court entered an Order [10] dismissing this case pursuant to 28 U.S.C. § 1915(e)(2). The Court also addressed the question of recusal because Defendant listed as Defendants "All U.S. District Court Judges." Plaintiff has filed a Motion for Reconsideration [12] in which he states that he did not intend to include the undersigned as a defendant in this action. His reference to "All U.S. District Court Judges" was intended to refer only to district court judges in the D.C. District. (Pl.'s Mot. [12] at 2).Thus, Plaintiff urges the Court to reconsider its June 9 Order. However, because the Court found that recusal was not required, Plaintiff's correction has no bearing on the Court's frivolity conclusion in the previous Order. Therefore, the Motion for Reconsideration [12] is **DENIED**.

AO 72A
(Rev.8/82)

Plaintiff also filed a document captioned "Motion to Inform the Court in Reality With as Much Respect as Possible!" [16]. In this document, Plaintiff describes several parcels of real estate and several motor vehicles. He states, "I got to have those houses." (Pl.'s Mot. [16] at 2). He is also apparently requesting the vehicles and a license to drive them. (Id.) He concludes by stating that, "You know what else is required but you know I have two crusades. You got problems legally if I miss either! Sometime you got to work harder and longer. I will legally do what I got to do now. You know what's required." (Id.). The Court is not certain to whom this message is directed or the basis for the demands made by Plaintiff therein. In any event, to the extent Plaintiff seeks, through this pleading, some action or remedy in this Court, the Request is **DENIED**.

Finally, Plaintiff files an Application to Appeal Without Prepaying Fees or Costs [19]. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); See Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 859-60 (11th Cir. 2008) (citing Coppedge v. United States, 369 U.S. 438, 445 (1962), for the proposition that a "party demonstrates good faith by seeking appellate review of

2

any issue that is not frivolous when examined under an objective standard," and noting that a non-frivolous claim is one "capable of being convincingly argued," so that "where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed") (internal quotations omitted); DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").

Plaintiff has not presented a non-frivolous issue for appellate review. Accordingly, the Court certifies under 28 U.S.C. § 1915(a)(3) that Plaintiff's Appeal is not taken in good faith. Plaintiff's Application to Appeal Without Prepaying Fees or Costs [19] is **DENIED**.

Based on the foregoing, Plaintiff's Motion for Reconsideration [12] is **DENIED**, Plaintiff's request for relief pursuant to his "Motion to Inform the Court in Reality With as Much Respect as Possible" [16] is **DENIED**, and Plaintiff's Application to Appeal Without Prepaying Fees or Costs [19] is **DENIED**.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  31st  day of July, 2014.

_____
**RICHARD W. STORY**
United States District Judge